UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| JAYCE K. KADIRE, | : Case No. 3:25-cv-00277 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Caroline H. Gentry |
| RV RETAILER TEXAS II, LLC, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

On December 4, 2025, the Court ordered Plaintiff to show cause by December 23, 2025 why his claims against Defendants RV Retailer Texas II, LLC and Airstream, Inc. should not be dismissed as required by Federal Rule of Civil Procedure 4(m). (Show Cause Order, Doc. No. 5.) For the reasons discussed below, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.**

Plaintiff filed his Complaint against Defendants RV Retailer Texas II, LLC and Airstream, Inc. on August 15, 2025. (Doc. No. 1). The Court subsequently ordered Plaintiff to show cause as to why his claims should not be dismissed for failure to effect timely service. (Show Cause Order, Doc, No. 5.) The Court explained that the ninety-day time limit for service specified by Rule 4(m) had passed and that Plaintiff had not timely perfected service on Defendants. (*Id.* at PageID 16.) The Court further explained that pursuant to Rule 4(m):

1

> If a defendant is not served within 90 days after the complaint is filed, ***the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time***. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(*Id.* at PageID 16 (emphasis added).) The Court also cautioned Plaintiff: "**Failure to comply with this Order may result in a recommendation that Plaintiff's claims against Defendants RV Retailer Texas II, LLC and Airstream, Inc. be dismissed without prejudice.**" (*Id.* at PageID 17 (emphasis in original).)

Plaintiff has failed to file a written response to the Show Cause Order, and the deadline for doing so has passed. Under these circumstances, *sua sponte* dismissal pursuant to Federal Rule of Civil Procedure 4(m) is appropriate. The undersigned therefore **RECOMMENDS** that Plaintiff's claims in this lawsuit be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO RECOMMENDED**.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

2

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Report and Recommendation ("Report"). Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).